UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BRETT SMITH,                                           :
                                                       :
                    Petitioner,    :
                                                       :       11 CV 2948 (HB)
      - against -                              :
                                                       :
WILLIAM F. HULIHAN,                                    :       OPINION & ORDER
                                                       :
                    Respondent.   :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge[1]:**

      In this petition for a writ habeas corpus, brought pursuant to 28 U.S.C. § 2254, petitioner Brett Smith challenges his 2006 conviction in Supreme Court, New York County, for criminal sale of a controlled substance. I referred the case to Magistrate Judge Andrew Peck, who issued a Report and Recommendation ("R&R") that recommends denial of the petition in its entirety. *Smith v. Hulihan*, No. 11 Civ. 2948, 2011 WL 4058764 (S.D.N.Y. Sept. 13, 2011). Through a series of submissions to the Court, *see infra* Part III, Smith has objected to the R&R. For the reasons set forth below, Magistrate Judge Peck's R&R is adopted in full and the petition is denied.

**I.    STANDARD OF REVIEW**

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). After the parties are served with a copy of the magistrate judge's R&R, they may file objections with the court, and the court must then review de novo any part of the R&R that has been objected to. *Id.*; Fed. R. Civ. P. 72(b)(2)–(3). As to those portions that neither party objects to, the court may review for clear error.[2] *See Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the

---

[1] Jeremy Amar-Dolan, a second-year student at Cornell Law School and a Summer 2012 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

[2] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

1

decision . . . ."). In addition, to the extent that the objections filed are overly general, conclusory, or simply reiterations of a party's prior arguments, the court may review corresponding portions of the R&R under the clearly erroneous standard. *United States ex rel. Cas Redimix Concrete Corp. v. Luvin Constr. Corp.*, No. 00 Civ. 7552, 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002). Similarly, new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all. *See Forman v. Artuz*, 211 F. Supp. 2d 415, 418 n.8 (S.D.N.Y. 2000); *see also Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) (dismissing new arguments not raised before the Magistrate Judge as "untimely" because entertaining them would "undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments"). That said, when a litigant is proceeding pro se, his filings "must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## II.   BACKGROUND

### A.   Facts

Brett Smith was arrested on the night of November 3, 2005, during an undercover "buy-and-bust" operation conducted in Manhattan by the New York Police Department.[3] An undercover officer, identified as UC 6385, approached Smith on the street and requested two "dimes," or ten dollar bags of crack cocaine. Smith then asked another man, who was not apprehended, to give the officer a "twenty bag" and handed the man the officer's money. A few minutes later, NYPD officers arrested Smith. The drugs UC 6385 received during the operation were subsequently field-tested by him at his office and then confirmed to be cocaine in an NYPD laboratory test.

### B.   Procedural History

Smith was tried in Supreme Court, New York County, and was convicted of one count of third-degree criminal sale of a controlled substance. *See* N.Y. Penal Law § 220.39(1) (McKinney 2012). He was sentenced to five years in prison.

---

[3] Unless otherwise noted, the facts and procedural history recited are taken from Magistrate Judge Peck's Report and Recommendation, 2011 WL 4058764, at *1–6, familiarity with which is presumed. Only background relevant to the substance of Smith's filings in response to the R&R is included here. The R&R itself contains a far more exhaustive review of the history of Smith's case.

Following his conviction, Smith filed a pro se motion to vacate the judgment. *See* N.Y. Crim. Proc. Law § 440.10 (McKinney 2012). This petition raised three issues, all stemming from the assertion that UC 6385 did not certify the field test report made following Smith's arrest.[4] This motion was denied by Justice Carruthers, who explained that these claims were not "legally viable," and that this had already been explained to Smith at trial. Leave to appeal the denial of this motion was denied by the Supreme Court Appellate Division, First Department. The First Department subsequently affirmed Smith's conviction. *People v. Smith*, 859 N.Y.S.2d 75 (1st Dep't 2008). The Court of Appeals denied leave to appeal. 894 N.E.2d 664 (N.Y. 2008).

Smith filed a state habeas petition in Supreme Court, Sullivan County, and asserted that the state had violated the ninety-day speedy trial provision for misdemeanors. *See* N.Y. Crim. Proc. Law § 30.30(1)(b) (McKinney 2006). The court denied the petition on December 30, 2010, for lack of personal jurisdiction over the respondent. The Third Department denied Smith's request for an extension of time to appeal, and Smith has not directly appealed the state habeas decision.

On April 22, 2011, Smith filed a pro se federal habeas petition in this Court and alleged thirteen grounds for relief. On September 13, 2011, Magistrate Judge Peck recommended that Smith's petition be denied in its entirety. R&R at *24.

### III. DISCUSSION

On September 19, 2011, Smith filed a motion (Reply I) requesting an extension of time to file objections to the R&R so that a "reconstruction hearing" could be held on the trial record. To this motion, he attached a lengthy memorandum (Reply I-A) dated August 1 but which had not been separately filed. I responded, by letter dated September 22, that Smith could have until October 14 to submit any additional materials to supplement the submitted memorandum, but that it would not be possible to hold a hearing on objections to the R&R. Smith subsequently made two additional filings, on September 22 and October 1 (Reply II and Reply III, respectively). All together, Smith's post-R&R filings fill thirty-seven handwritten pages, not including supporting materials and exhibits.

---

[4] New York Criminal Procedure Law § 190.30(2) provides that: "A report or a copy of a report made by a public servant . . . concerning the results of an examination, comparison or test performed by him in connection with a case which is the subject of a grand jury proceeding, may, when certified by such person as a report made by him or as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein."

Virtually all of Smith's arguments stem from the fact that UC 6385's field test report was not signed and, according to Smith, was inadmissible in the Grand Jury indictment proceedings. *E.g.*, Reply III at 2 (citing N.Y. Crim. Proc. Law § 190.30(2) (McKinney 2008)). Furthermore, Smith believes that UC 6385 committed perjury when he testified before the Grand Jury. Reply I at 1–2.[5] Though much of the material is repetitive, it is possible to distill five distinct arguments from Smith's submissions.

### A.     First Argument

On November 3, 2006, Justice Carruthers denied Smith's second § 440.10 motion, which alleged ineffective assistance of counsel because Smith's attorney "failed to actively pursue an issue concerning [the unsigned] field test report . . . ." Reply I-A, Ex. 16 at 1. The court denied the motion because "the trial record reveals discussion concerning this very issue" and because "motions on identical grounds have already been made and denied." *Id.*, Ex. 16 at 1–2. Smith asserts that no such discussion appears on the trial record and that the motion should have been granted, which would have given him the opportunity to prove that UC 6385 committed perjury before the Grand Jury. Reply I at 1–2. Smith believes that he is the victim of a conspiracy involving Justice Carruthers, the Assistant District Attorney, and his own defense attorney to "mischaracterize the trial record." Reply I-A at 10; Reply II at 1. Accordingly, Smith is requesting that the Court conduct a "Reconstruction Hearing" on the trial record. *E.g.*, Reply I-A at 2. However, in his original habeas petition, Smith did not address Justice Carruthers's denial of any of his motions, nor did he make any allegations regarding a conspiracy to lie about a discussion on the trial record. Accordingly, these arguments are dismissed. *See Forman*, 211 F. Supp. 2d at 418 n.8.

### B.     Second Argument

Smith argues that, in the absence of UC 6385's credible testimony before the Grand Jury or a certified field test report, the accusatory instrument could not be corroborated, and his case remains a misdemeanor. *E.g.*, Reply I-A at 1–6; Reply II at 4. As a result, Smith argues (a) that

---

[5] As evidence of this perjury, Smith points to UC 6385's testimony before the Grand Jury where he described what he did "after [he] received the drugs from the defendant," while he testified on the accusatory instrument that he received the drugs from the unapprehended dealer. Reply I-A at 2. In addition, at trial UC 6385 responded to a question from the prosecutor asking him what he did "with the crack cocaine that the defendant handed [him]." Pet., Ex. 4 at 308:17–18. On cross examination, the arresting officer (Summers) testified that, according to UC 6385's affidavit, the unapprehended male handed UC 6385 the drugs. Reply I-A, Ex. 5 at 403:1–5.

4

the People's failure to try Smith within ninety days violates Smith's right to a speedy trial under New York Criminal Procedure Law § 30.30(2)(a) and the Sixth Amendment; (b) that Smith's Fifth Amendment right against double jeopardy has been violated since he was charged with the same crime once as a misdemeanor and again as a felony; and (c) that a five-year sentence for a misdemeanor violates the Eighth Amendment prohibition of cruel and unusual punishment. Reply I-A at 1, 17, 21–23. These arguments essentially revisit several grounds from Smith's original petition,[6] but fail to address the R&R's disposition of these grounds. *See* R&R at \*11, 19. As a result, these arguments cannot be construed as objections to the R&R and do not trigger de novo review.

    C.    **Third Argument**

Smith reiterates his assertion that his indictment was supported only by the perjured testimony of UC 6385 and the unsigned field test report, meaning (a) that the prosecution is "in non-compliance with the rules of evidence before the Grand Jury,"[7] Reply I-A at 3; and (b) that Justice Carruthers wrongly denied his § 330.30 pretrial motion based on a lie perpetrated by the three "co-conspirators" in violation of the Fifth Amendment,[8] *id.* at 19–20. To the extent that these arguments address denial of the pretrial motion—an argument not made in the original petition—they are dismissed. Without these arguments, what remains reiterates grounds of the

---

[6] On the speedy trial issue, *compare* Pet. ¶ 5 ("My Sixth Amendment right [and §] 30.30 rights to a speedy trial have been violated. . . . The 90 days prescribed for a misdemeanor ha[ve] been exceeded."), *with* Reply I-A at 1 ("My [§] 30.30(2)(a) rights to be tried within 90 [days] for a misdemeanor ha[ve] been violated.") *and* Reply I-A at 21 ("My Sixth Amendment right [to a speedy trial] has been violated."). On the double jeopardy issue, *compare* Pet. ¶ 3 ("My Fifth Amendment Right was violated. The People . . . committed 'Double Jeopardy' [by] charging the defendant for the same crime twice. My case after exceeding 90 days for a misdemeanor should have been dismissed. . . . The People . . . used the same case and indictment n[umber] to convict the defendant . . . ."), *with* Reply I-A at 17 ("The People . . . committed 'Double Jeopardy' for charging the defendant for the same crime twice" and "failed to convert the accusatory instrument 90 days from my arraignment."). On the cruel and unusual punishment issue, *compare* Pet. ¶ 7("My Eighth Amendment Right was violated. The defendant has been 'wrongfully confined' for 5 years, on a 'misdemeanor'" and the "People knowingly presented material false information, leading to "Cruel and Unusual Punishment."), *with* Reply I-A at 21–22 ("The defendant has been wrongfully confined for 5 years on a misdemeanor" and the "People know[ing]ly used inadmissible [evidence] to wrongfully convict the defendant . . . .").

[7] Smith states that the People have violated New York Criminal Procedure Law §§ 190.30(2)(3) (*see supra*, note 4), 180.60(8) (only non-hearsay evidence admissible in grand jury proceeding), 100.40(1)(c) (requiring an information to contain non-hearsay allegations supporting every element of an offense charged), and 100.15(3) (same).

[8] Because Smith states that his "Fifth Amendment right had been violated" following a discussion of alleged defects in his indictment, Reply I-A at 20, I will construe this statement to invoke the prohibition on holding any person "to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, cl. 1.

petition[9] that the R&R dismissed because a "conviction transforms any defect connected with the grand jury's charging decision into harmless error". R&R at *10 (citing *United States v. Mechanik,* 475 U.S. 66, 68 (1986)). Smith fails to address the R&R's disposition of this issue. Accordingly, these arguments fail to elicit review other than for clear error.

        D.        **Fourth Argument**

Smith's state habeas petition was denied by Justice LaBuda for lack of personal jurisdiction because Smith failed to serve his petition on the opposing parties. *See* R&R at *6. However, Smith attaches a letter from his attorney, Glenn Kroll, dated April 9, 2010, stating that he would send the amended petition "to all of the interested parties." Reply I-A, Ex. 11. This, Smith argues, shows that Justice LaBuda made an "erroneous ruling." *Id.* at 14. Furthermore, Smith states that Kroll never sent the affidavits of service as Smith requested. *Id.* at 16. This argument is essentially the same as an argument raised in the petition,[10] but again fails to address the R&R's disposition of the claim, namely that Smith failed to appeal Justice LaBuda's denial of his state habeas petition and thus that this claim is "unexhausted, but deemed exhausted and procedurally barred." R&R at *21. Because it cannot be construed as an objection, this point will be reviewed for clear error.

        E.        **Fifth Argument**

Smith alleges in his replies that the Attorney General's office deliberately failed to list Smith's § 330.30 motion (denied by Justice Carruthers on June 12, 2006) in the declaration it filed with Magistrate Judge Peck, who "seems to be overlooking" this issue. Reply III at 4. This motion, according to Smith, "reveals that Officer 6385 committed perjury" before the Grand Jury "and violated the Grand Jury rules of evidence." Reply I at 1–2. While it is true that this motion is not listed among the exhibits attached to the Attorney Generals' Declaration in Opposition to

---

[9] *Compare* Pet. ¶ 2 "[The] Prosecutor . . . committed 'Prosecutorial Misconduct'[by] using a 'lying witness.'"), *and* Pet. ¶ 4 ("The People indicted the defendant using material false information," violating the Fifth Amendment.), *with* Reply I-A at 3 ("The Prosecutor [k]new that the[re] was no sworn signed affidavit to corroborate the accusatory instrument, so he used the sworn perjured testimony of Office[r] 6385, to deceive and manipulate the Grand Jury into indicting the defendant . . . .").

[10] *Compare* Pet. ¶ 9 ("Justice [LaBuda] made an erroneous ruling; he[] dismissed my state writ of habeas corpus petition; even though he'd received verification from [my attorney] that he'd mailed packages to all the interested parties . . . ."), *with* Reply I-A at 15 ("Justice La[B]uda blames the defendant, for not serving the respondents, in his decision December 30, 2010. But the letter that Justice Frank J. La[B]uda received from [my attorney] dated April 9, 2010, serves as evidence and verified proof, that all respondents were properly served.").

the Petition, *see* ¶ 3, it is not true that the R&R overlooks the motion. To the contrary, Magistrate Judge Peck describes this motion and the court's reasons for denying it, namely that the "minutes were already reviewed . . . and found to be sufficient." R&R at *3. Furthermore, Smith's argument on this point, to the extent that it raises the underlying issue of the Grand Jury proceedings, is adequately addressed by the R&R as discussed above. Accordingly, Smith's filings on this point fail to raise an objection that will trigger de novo review.

## IV.   CONCLUSION

After reviewing Magistrate Judge Peck's R&R this Court concludes that there is no clear error and approves, adopts, and ratifies the R&R in its entirety. Accordingly, the petition for writ of habeas corpus is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. As the petition makes no substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253. The Clerk of Court is instructed to close this motion and the case.

SO ORDERED.

Date: 10/17/12
New York, New York

HAROLD BAER, JR.
United States District Judge